Can you speak up just slightly? It's a little hard to hear you, and there's also the clock right in front of you as well. Booker, the Supreme Court's decision in the United States v. Booker states that sentencing guidelines regime must be applied as advisory for all sentences, and also the courts must look to the statutory factors in Title 18, Section 3553A, determining the appropriate length of defendant's term of imprisonment, and that those factors are to be apported the same way as the guidelines. Here, the district court imposed a guideline sentence after the decision in Booker, but without following its command as to how the sentencing guidelines must be applied. Sotomayor, this is a resentencing which is a little bit different than other circumstances. And does it just kind of cabin what the judge can do? Well, the 3582C2, the statute authorizing the defendant or authorizing the court to reduce defendant's sentence, does specify that the court may reduce defendant's sentence, but the only cabin or limitations within the statute are that it must look at the 3553A statutory factors, which are the same ones that Booker tells courts to look to, and also that it must take into account the applicable policy statements, and that such a reduction cannot be inconsistent with the applicable policy statement. The government here has argued that the policy statements at issue here, that to reduce below the amended sentencing guidelines range would be inconsistent with those. But defendant contends that, in fact, that both of the policy statements that the government has pointed to are not inconsistent with a further reduction below the amended guidelines range. Application note 2, which is that other – the part of which has been pulled out from that is that other guideline applications – other guideline application decisions remain unaffected – goes to calculating the amended guidelines range, not whether or not that amended guidelines range should be mandatory. And the background commentary that states that a decision – that the discretionary reduction under this statute doesn't authorize a reduction in any other components of defendant's sentence – components is not – the term component is not defined in the policy statement, but I think it's properly read here to really go to calculate, like, other decisions made in calculating what guideline defendant is receiving. So, in other words – Kagan, your argument is sort of somewhat – there seems like there's a second bite at the apple proposition here, but is that true, then, on resentencing? Well, I believe it's true under this type of resentencing. I mean, you really have – it's a discretionary decision by the trial court as to whether or not a defendant will receive – you know, is – whether it's warranted receiving a reduction in their sentence, provided that there's been an amendment to the sentencing guidelines authorizing a defendant to make such a motion here. And I – there's no reason to not apply a guideline sentence in a way that's constitutional after Booker. I mean, you have an opportunity here. The defendant is being resentenced, and there's no reason why he should have a sentence that doesn't comport with Booker when to do so is really quite simple and doesn't pose much of a burden to the trial court. Isn't the effect of your argument to make Booker retroactive? I don't think so, Your Honor. Why not? Because the sentence here is actually being imposed after the date of that decision. You mean the reduced sentence? The reduced sentence. By the face of the amended judgment says the date of imposition of sentence is February 28, 2006.  And he's not arguing it's because of Booker that he gets his resentence. He's getting it independent of Booker. That's correct. His – the option, the availability of such a reduction for him here is based on the Amendment 599, which affected whether or not he could receive a two-level enhancement for possession of a firearm when he had also been convicted under a separate statute for possession of a firearm. So this is unlike the decision cited in the government's brief that said that Booker cannot be taken into consideration or be grounds for reducing a defendant's sentence under 3582c2, because all of those cases involved defendants who were, in fact, did not have a subsequent amendment to the sentencing guidelines authorizing them to bring such a motion. So we have a different situation here, and, in fact, one that is – does not seem to have been addressed by courts before. So this is a case of first impression, I take it? That's correct. No authority on this proposition. Not on this proposition specifically. So, I mean, the essential problem here is that defendant's sentence was imposed after Booker. It's a guideline sentence that was – which, in fact, the calculation for that guideline sentence was based on judicially found facts by the original sentencing court that defendant was an organizer, manager, supervisor, which was in the pre-sentence report adopted by the original sentencing court, that ER-8. And that that new amended guideline sentence based on the judicial – which was enhanced in part on a judicially found fact was treated at the mandatory guidelines range here. It was treated – that was – the court found on February 28th that the lowest that it could go was 292 months. Suppose that at the sentence reduction hearing, evidence is offered that reflects that the defendant had made great progress in rehabilitating himself since the time he was sentenced originally. Would that kind of post-sentence evidence be permitted – be relevant under 3553 if you go the Booker route, as you suggest? Well, under the 3553a factors, it could well be relevant because those go to the characteristics of the defendant. However, other courts have held that such post-rehabilitative conduct is not permitted under 3582c2. Here, I mean, the court can just look at, I mean, the original pre-sentence report, which the original sentencing court expressed great displeasure in having to impose such a law. Well, I understand that. I just wonder how far your argument goes. If resentencing is starting from scratch under 3582, is that what you're, in effect, inviting us to say? Well, defendants does contend that this is a de novo resentencing. I mean, any previously litigated facts would not be open for relitigation here, so in other words, drug quantity, that kind of thing. But under defendants' view, yes, you would be able to take into consideration You could come in with new evidence that would bear an appropriate number. come into it, but it would still be the district court's – I mean, this is a very discretionary determination by the district court as to whether a reduction is warranted in the first place. Well, what if he now has a life-threatening disease that he didn't have at the first sentencing? Would that be one of the factors to be credited under 3553a? Well, I mean, again, I think that would go to a characteristic of defendant. I mean, that might be more appropriate for a motion under, say, 35 – a different section of 3582, which is extraordinary and compelling circumstances. But what I'm saying is that the guideline – the guideline changed, so that got him back legally before the court. Right. No. And actually, on further consideration, I mean, really, the 3553a factors are to take into account things such as just punishment, deterrence, sentencing goals. And I'm not sure that a debilitating disease on – that defendants suffering from really needs to be calculated into that. That would seem to be something that maybe would be best addressed in a different manner, but would not necessarily be subject to resentencing here. Do you want to save your remaining time? I would like to save my remaining time for rebuttal. Thank you. Good morning, Your Honor. My name is David Nesbitt, and I represent the government in this case. And if I may, I'd like to just jump in right to where the Court kind of finished off here, because I think it's a very important issue, even though it's not first in my outline. And that is the issue of if you are going to start making exceptions to the general rule, where exactly do you end up finishing making those exceptions? And I think that's exactly where the Eighth Circuit is finding themselves. So is this an exception to the general rule that Supreme Court and Booker said, and all sentencing henceforth? Well, I think it is an exception. Sentencing henceforth, and if you want to make an exception, you're accepting from Booker. Absolutely, and I agree. If this Court is going to consider a modification under 3582C2, a de novo resentencing, then I agree. Then Booker should be part of that resentencing scheme. What we're arguing is that it's more than semantics. It's not just that the statute calls it a modification, and that we're arguing it's not a de novo resentencing. It's more than that. The underlying principles that are fundamental to this case are finality, that this is an exception. This sentence isn't final or closed because of this change in the guidelines. Well, I would say in response to that, that it is except for the very narrow exception outlined in 3582C2, which is that very specific, when a guideline range has been amended, that is a very specific area to be dealing with here. And that is not, that does not open the door to a whole new resentencing. But why do you, why do we need to open the door to what you're calling a new sentencing when the triggering factor is the guideline change, correct? That's right. So now we take the person back. We say there's been a guideline change, so we need to have a resentencing. And the very guideline that has now been changed also has been declared by the Supreme Court, the whole guideline scheme, to be advisory. So isn't that really a function of the law as opposed to a concern about are we going to resentence based on these facts? Well, I think, Your Honor, that that takes into consideration the very specific language of the statute, which says that we are addressing an issue that is a guideline amendment. It is not a statutory amendment. It is not a Supreme Court decision. And the reason they do that is specifically because of the language in the guidelines that says all other decisions remain unaffected. That's very important. But the very thing that triggers it is the thing that the Supreme Court said, the only way you can apply those guidelines now constitutionally is to have them be advisory. So why doesn't that just meld in, if you will, to the triggering factor in this case, and then not let us worry about any other characteristics or issues that might come up? Well, I think, Your Honor, that it goes back to the underlying principle that Booker makes them the guidelines advisory, but it does not undermine the underlying significance of the guidelines, which advocates finality, consistency, and those things. So why aren't you content with having the guidelines considered but not be mandatory? Well, I think the guidelines are considered. And the – and Booker and the 3553 factors are considered in this when you do take into consideration whether to sentence a person at the lower end or at some other area of the guideline range, the new amended guideline range. And that is when – But you're still saying that that range is mandatory, is what you're saying. It is. I'm saying it's mandatory because of the sentencing scheme that was set up at the time of the sentence. It's the underlying principle that I'm advocating here, and that is that the sentencing scheme under the guidelines, as it was set up in 1993 in this case, has not changed, and that a Supreme Court case does not involve itself in a statutory 3582c2 amendment when it discusses specifically only the guideline amendment in this case. Well, I think we understand your point. And I think that finally also another important – and very important point to keep in mind is the idea of a new sentencing is a very – it's not simple. That 13 years – in this case, 13 years later – is a very complicated task where you have different attorneys, different judges. It is not a simple idea of just having to read the pre-sentence report. What about finality for the victims in this case, the witnesses, the defendant? But there's no finality because they amended the sentencing guideline anyway. But the sentencing – but, again, that's a new range. But doesn't the judge have to consider where you should be within that range? And it's much easier for the Court to consider in a very cabined, very specific context whether to sentence a defendant within the new amended range versus a new resentencing. It would be very difficult for a judge in this case, for example, based on, you know, a handful of comments from the sentencing court. It's a different judge. The sentencing judge in this case has retired. To go back and based on a couple of comments from the Court, it's – there's no doubt the Court was displeased and had regret at having to sentence this person at such a high range. But to go back and to revisit this in an entirely new way is opening the door for a whole – a whole other ballgame here. Was a pre-sentence report prepared in connection with the sentence reduction? Do you know? No. I don't believe it was. So what was the procedure that was followed? The procedure that was followed in this case was, Your Honor, the new sentencing judge or the new district court judge in this case reviewed the transcripts from the sentencing and probably also reviewed the project – or, excuse me, the pre-sentence report from the original case and went and resentenced him based on that information that he had. So he went from 360 months down to 292 months. There was a motion, I take it, to reduce the sentence. That's exactly right, Your Honor. So that was – there was a hearing or was a hearing? There was no hearing. No hearing. There was no hearing. He did it exclusively based on the materials, written materials. He said he had no authority or discretion to do anything else. So he kept it very candid. That's exactly right. And that very specifically follows the reasoning that I wanted to address very quickly in our case – excuse me – of Stockdale. Stockdale, the reasoning in Stockdale, United States – Stockdale was away before – Exactly. But the reasoning is the same. The reasoning is that this – and the language is very specific when it says one of the reasons it uses for keeping this very cabin and this exception very narrow is when it says all guideline amendments are addressed in the statute but not statutory amendments. And in the case that the next logical step is the United States v. Price, which is the Tenth Circuit case, that also has all the line of reasoning that goes along with the idea that this is a – that the statute is very specific. It discusses the guideline amendments and not Supreme Court cases. But that was a new statute that came about in Stockdale, a safety valve, a new safety valve statute. Here we're talking about something that's constitutional. My question is, if you go – if I adopt your position and say, okay, I'm back, I'm resentencing, have to calculate a new guideline range, does the Court need to consider the 3553A factors in deciding where and what to impose within that guideline range? Yes, within the new guideline range. Absolutely. Within the new amended guideline range. But that does not render the rest of the statutory scheme the guideline scheme. So I don't see how, when you raise that there would be some kind of administrative hurdle, if the judge still has to consider all the 3553A factors, the only difference we're talking about here between you and Mr. Hick's counsel is that you say that once you fit – you consider all those and you consider the guidelines, you're stuck here. And their position is simply you consider everything, you're just not stuck here. And that's the only difference. Is that right? Well, I think – I think our case is a very specific example of why it's much easier to sentence within a new range versus opening the door for a new sentencing. If we were to – Why? Why? Because if we were to have to consider a sentence of 150 months, which is what Mr. Hick's is advocating in this case, then now not only do we have to bring in – have like another mini-trial in a way, we'd have to bring in witnesses and perhaps a victim to testify. That is very different from being able to rely on the statements of a sentencing court. But there's another reason. And it's also another very important underpinning of the statute – or excuse me, of the guidelines, and that is the idea of fairness. In this case, Stockdale addresses that very specific issue. When you have a sentencing scheme where a person is available to have an amendment – say, for example, we had – instead of Mr. Hick's who had a firearm, we had a drug dealer who was dealing the same amount of drugs, but he was not using a firearm. And he would call him a safe drug dealer as opposed to a dangerous drug dealer or something like that. He would not be eligible for this reduction in sentence. So suddenly the person who is not as maybe not culpable or the person who isn't subject to the same dangerousness of offense, now his sentence or her sentence is back at 292. Yet this person has availability of going down to 150 because his sentence included a gun. That doesn't seem fair at all. Talk about fairness. The Eighth Circuit discusses fairness with other similarly situated defendants. How about all the other defendants that are – that are sentenced under the same statute, the same guideline range back in 1993? The issue of fairness goes across the board among all defendants. Well, if they – if there's a change in the guideline, then they would get a resentencing, correct? Everybody who qualifies. I'm sorry. But everyone who qualifies under that guideline change gets a resentence, correct? That's right. But the trigger is the 3582C2. So unless they have an amendment, unless they're fortunate enough to have an amendment to their – And so how fair is that? Some people got lucky with amendments. Some people didn't. That's right. But to them – But that's the system that the guidelines set up, right? Right here. He was also sentenced to five years because he had the 924C. The amendments to the guideline take into consideration the five years that he had tacked on to the 360 months. I'm not sure that your argument quite holds water because this fellow got a higher sentence because of having the gun. That's right. Although others did not get the higher sentence. He had the 924C count tacked on. That doesn't mean that a person who possessed a firearm had it in furtherance of the drug – of the drug trafficking crime. He can possess a firearm and have other amendments and then get that reduced, too. It doesn't have to be that he was, under these specific circumstances, found guilty of the 924C, which has additional elements. Yeah. We understand. Thank you. Thank you. Unless you have any further questions. No. Thank you. I'd just like to address a few things the government raised. First of all, there were no alleged victims associated with this crime. So in terms of taking that into account, that's not on the table here. Also, I mean, really the – in terms of finality, you know, this isn't – this sentence is already coming before the Court to be – or this defendant's sentence is already coming before the Court to be reconsidered. So it's not, as I think the Court recognized, any greater imposition to have the making any way in determining whether or not to reduce defendant's sentence within the amended guidelines range to determine whether that amended guidelines range is really the appropriate term of imprisonment here. The Court here – the district court here failed to apply the controlling law of Booker in imposing the sentence, and it seems to be a fairly simple exercise for a constitutional sentence to be imposed here. Let me ask you a question about this. As a result of the change in the guidelines, there's a new range that comes into effect, right, that – under 3582C. So you're dealing with a new range. Now, does that mean that in a resentencing, the district judge can sentence outside of that range? That's correct. That under Booker, because the guidelines were –  Well, I believe you have to read 3582C-2 in a manner that comports with Booker since that's the new – that's the new controlling law for how the sentencing guidelines are to be applied. I mean, 3582C-2 was drafted before Booker, as were all of its policy statements. And Booker is a constitutionally mandated change to how the sentencing guidelines are to be applied so that the resulting sentences are constitutional. So Booker, in effect, overrides the policy statement. No, I don't believe that it needs to be read as overriding the policy statements. It's just that the policy statements need to be read in light of Booker. And where you tell – you still look to the amended guidelines range, and Booker tells you to look to the guidelines. That's among 3553A factors. It's just now you're also – the judge is also to give equal weight to the other 3553A. Well, we don't know the precise answer to that until we hear from the Supreme Court as to what weight the judge is to give. The court in Booker said that you can – that the district court was to tailor the sentence in consideration of the other sentencing factors. Thank you. Thank you. I want to thank both counsel for your arguments. It's yet another case of first impression thanks to Booker. So we appreciate your briefs as well in this particular case. Thank you.
judges: B. Fletcher, McKeown, Schwarzer